**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x

FRACHT FWO INC.,                                      :
                                                      :
                                     **Plaintiff,**   :
                                                      :        **20-cv-2706 (ALC)**
               -against-                              :
                                                      :        <u>**OPINION & ORDER**</u>
                                                      :
TPR HOLDINGS LLC,                                     :
                                                      :
                                     **Defendant.**   :
                                                      :
------------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___03/17/2021___

**ANDREW L. CARTER, JR., District Judge:**

      Plaintiff Fracht Fwo Inc. ("Plaintiff" or "Fracht") asserts a claim against Defendant TPR

Holdings LLC ("Defendant" or "TPR") pursuant to the Interstate Commerce Act ("ICA"), 49

U.S.C. § 10101 *et seq*. Currently before the Court is Defendant's motion to dismiss Plaintiff's

complaint. Defendant also seeks costs pursuant to Fed. R. Civ. P. 11. For the reasons herein,

Defendant's motion to dismiss is **GRANTED** and Defendant's motion for costs is **DENIED**.

## BACKGROUND

      Plaintiff is a New York corporation with its principal place of business in Houston,

Texas. ECF No. 1 ("Compl.") ¶ 3. Plaintiff is a "common carrier by land, sea, and air" of

commodities generally and is an "interstate carrier of such commodities." *Id.*; *see also id.* ¶ 6

("Plaintiff is, and at all times herein mentioned was, a common carrier of goods and merchandise

engaged in interstate commerce."). Defendant is a Delaware corporation with its principal place

of business in New York, New York. *Id.* ¶ 4. Defendant is a retailer and servicer of health,

beauty, and wellness products. *Id.*

      Plaintiff alleges that between approximately October 11, 2018 and May 9, 2019, Plaintiff

and Defendant "maintained a contract for the transportation of goods pursuant to Bills of Lading

that incorporate the Plaintiff's Applicable Motor Carrier Classification of Tariff." *Id.* ¶ 8. The terms and conditions of these agreements were attached to Plaintiff's complaint as Exhibit A. *Id.* Plaintiff alleges that it transported the goods in question to the "designated consignees" (party of destination), *id.* ¶ 10; however, to date Defendant has not paid Plaintiff the freight charges due. *Id.* ¶¶ 12-15.[1] Defendant has also not contested the charges. *Id.* ¶ 9.

According to Plaintiff, Defendant owes Plaintiff a principal amount of $298,380.53, $71,555.35 in collection costs and $59,396.24 in interest, adding up to a total of $429,332.12. *Id.* ¶ 15. Plaintiff also seeks all attorney's fees and costs incurred in this action. *Id.* ¶ 14.

Plaintiff commenced this action against Defendant on April 1, 2020. Compl. Defendant filed a pre-motion conference letter in connection with their anticipated motion to dismiss on May 18, 2020, ECF No. 12, and Plaintiff responded on May 20, 2020, ECF No. 13. On June 9, 2020, the Court denied Defendant's request for a pre-motion conference, but granted Defendant leave to file a motion to dismiss Plaintiff's complaint. ECF No. 14. Defendant filed their motion to dismiss and supporting memorandum of law on July 10, 2020 ("Def. Mot."). ECF No. 17-19. Plaintiff opposed Defendant's motion on August 20, 2020 ("Pl. Opp."), ECF No. 22, and Defendant filed a reply in further support of their motion to dismiss on September 21, 2020 ("Def. Reply"), ECF No. 25.[2] Defendant's motion to dismiss is deemed fully briefed. After careful consideration, Defendant's motion to dismiss is **GRANTED** and Defendant's motion for costs is **DENIED**.

---

[1]     Plaintiff alleges that Defendant is a "shipper," though it is unclear whether Defendant is a "consignor" (the party of origin), a "consignee" (the party of destination), or an "owner[] of freight [or] any other shipper agent bill to party including those that pay his or her own freight charges." Compl. ¶ 7.

[2]     In their opening brief and on reply, Defendant asserts that they are entitled to costs pursuant to Fed. R. Civ. P. 11 because Plaintiff's submissions, including the complaint, opposition to their pre-motion conference letter, and opposition to their motion to dismiss, are frivolous.

**STANDARD OF REVIEW**

When considering a motion to dismiss for lack of subject matter jurisdiction under Fed R.

Civ. P. 12(b)(1), the district court must take all uncontroverted facts in the complaint as true, and

draw all reasonable inferences in favor of the party asserting jurisdiction. *Amidax Trading Grp.*

*v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011), *cert. denied*, 568 U.S. 1229 (2013).

"When the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint or

the complaint and exhibits attached to it (collectively the "Pleading"), the plaintiff has no

evidentiary burden." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (citing

*Amidax*, 671 F.3d at 145). "The task of the district court is to determine whether the Pleading

'allege[s] facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue.'"

*Id.* (quoting *Amidax*, 671 F.3d at 145).

**DISCUSSION**

**I.      The Court Does Not Have Subject Matter Jurisdiction Over Plaintiff's Claim**

Plaintiff asserts that this Court has Federal Question Jurisdiction pursuant to 28 U.S.C.

§ 1331 as their claim arises under the ICA. Compl. ¶ 1. Plaintiff's claim appears to arise solely

from 49 U.S.C. § 13706. *See id.* ¶ 13.[3] However, "[s]ubject-matter jurisdiction over state-law

---

[3]      Plaintiff's complaint is not in compliance with Fed. R. Civ. P. 10(b) which requires a party to state its claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Because of that, it is somewhat difficult to ascertain what exact claims Plaintiff is asserting and under what grounds. However, for the purposes of this motion, the Court assumes Plaintiff asserts their claim(s) pursuant to 49 U.S.C. § 13706. *See* Compl. ¶ 13.
         In their motion to dismiss, Defendant also addresses 49 U.S.C. §§ 13710(a)(1) and (2) which are also mentioned in Plaintiff's complaint. Def. Mot. at 9-10; *see also* Compl. ¶ 9 ("If a shipper seeks to contest the carrier's billings, the shipper must initiate and satisfy conditions precedent pursuant to 49 U.S.C. § 13710(a)(1)(2) . . ."). However, Plaintiff does not appear to assert their claim under these provisions of the ICA. 49 U.S.C. § 13710(a)(1) requires that "[a] motor carrier of property (other than a motor carrier providing transportation in noncontiguous domestic trade) . . . provide to the shipper, on request of the shipper, a written or electronic copy of the rate, classification, rules, and practices, upon which any rate applicable . . . is based." 49 U.S.C. § 13710(a)(2) states that "[w]hen the applicability or reasonableness of the rates and related provisions billed by a motor carrier is challenged by the person paying the freight charges, the Board shall determine whether such rates and provisions are reasonable . . . or applicable." These provisions are completely unrelated to Plaintiff's claims and could not serve as the basis

contract-breach cases in the freight business no longer exists." *GMG Transwest Corp. v. PDK Labs, Inc.*, No. 07-cv-2548, 2010 WL 3718888, at *2 (E.D.N.Y. Sept. 13, 2010). "Today, claims for the collection of freight charges are state claims, and do not automatically confer federal jurisdiction; jurisdiction exists for these claims only if a federally-required tariff is involved." *Id.* (citing *Mayflower Transit, LLC v. Interra Indus., LLC*, No. 07-cv-5963, 2008 WL 2559358, at *2 (D.N.J. June 26, 2008). Here, Plaintiff has not alleged that a federally-required tariff is involved, and thus § 13706 cannot serve as the basis for subject matter jurisdiction. *Id.* (concluding that 49 U.S.C. § 13706 did not apply and thus could not serve as the basis for subject matter jurisdiction and noting that "courts have held that § 13706 does not even provide for a federal cause of action under 28 U.S.C. § 1337").[4]

In their opposition to Defendant's pre-motion conference letter, ECF No. 13, and in their opposition to Defendant's motion to dismiss, Plaintiff asserts a number of other provisions of the ICA, as well as supporting regulations, that they contend confer subject matter jurisdiction upon the Court over Plaintiff's state breach of contract claims. In their opposition to Defendant's pre-motion conference letter, Plaintiff states that under 49 U.S.C. § 14706(d)(3), "a civil action may

for jurisdiction. *See GMG Transwest Corp. v. PDK Labs, Inc.*, No. 07-cv-2548, 2010 WL 3718888, at *4-5 (E.D.N.Y. Sept. 13, 2010) (provision of the ICA did not confer subject matter jurisdiction where it did not apply).

[4]    While these cases addressed jurisdiction pursuant to 28 U.S.C. § 1337, this reasoning is just as applicable to subject matter jurisdiction pursuant to 28 U.S.C. § 1331. *See W.E.L., Inc. v. Scotts Co.*, No. 12-cv-2446, 2012 WL 12933224, at *1, *3-4 (W.D. Tenn. Aug. 8, 2012) (finding that the court did not have subject matter jurisdiction pursuant to either 28 U.S.C. § 1331 or § 1337, in part because "§ 13706 does not provide for a federal cause of action" and because "plaintiffs' claims do not arise out of a filed tariff, but instead are based on a contractual relationship [such that] there is no federal question present supporting this court's subject matter jurisdiction.").

It is also worth noting that 49 U.S.C. § 13706 is only applicable "when the transportation is provided by *motor carrier*." 49 U.S.C. § 13706(a) (emphasis added). Contrary to Plaintiff's assertions, nowhere in the complaint have they specifically alleged that the transportation for the goods at issue was provided by motor carrier. In fact, Plaintiff's complaint is vague as to whether Plaintiff is indeed a motor carrier. *See, e.g.*, Compl. ¶ 6 ("A carrier is a motor carrier, water carrier and a freight forwarder. A common carrier is a carrier available for public employment that transports property over bills of lading/receipts. The Plaintiff is, and at all times herein mentioned was, a common carrier of goods and merchandise engaged in interstate commerce."); *see also id.* ¶ 8 ("Plaintiff and Defendant maintained a contract for the transportation of goods pursuant to Bills of Lading that incorporate the Plaintiff's Applicable Motor Carrier Classification of Tariff.").

be maintained in either United States District Court or State Court." ECF No. 13 at 1. However, as Defendant points out, this provision has nothing to do with Plaintiff's claim as it provides for civil actions "*against the carrier* alleged to have caused the loss or damage." 49 U.S.C. § 14706(d)(2) (emphasis added). In their opposition to Defendant's motion to dismiss, Plaintiff appears to suggest that 49 U.S.C. § 13707(b)(1) and 49 C.F.R. § 377.203(c) confer subject matter jurisdiction upon the Court over Plaintiff's claim. Pl. Opp. at 4-6. However, 49 U.S.C. § 13707 neither creates a federal cause of action nor confers original jurisdiction for the purposes of 28 U.S.C. § 1331 or § 1337. *See Transit Homes of Am. v. Homes of Legend, Inc. (Transit Homes II)*, 173 F. Supp. 2d 1192, 1199 (N.D. Ala. 2001) (denying plaintiff's motion for reconsideration of judgment dismissing the case for lack of subject matter jurisdiction and noting that it could "find no case ever having suggested that 49 U.S.C. § 13707 . . . either creates a federal cause of action or confers original jurisdiction for the purposes of 28 U.S.C. § 1331 or § 1337"). Furthermore, the provisions of the ICA and the federal regulations cited by Plaintiff in support of their jurisdictional arguments in their opposition appear nowhere in the complaint. Lastly, Plaintiff offers absolutely no case law in support of their arguments, and the Court is aware of none. Thus, Defendant's motion to dismiss is **GRANTED** and Plaintiff's complaint is dismissed without prejudice to file an amended complaint asserting a proper basis for subject matter jurisdiction (if any) and clarifying their causes of actions/claims within thirty (30) days of the date of this Opinion and Order.

## II.    Rule 11 Sanctions

The Court interprets Defendant's request for costs as a request for sanctions pursuant to Fed. R. Civ. P. 11. Rule 11(c)(2) specifically provides that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly

violates Rule 11(b)." Thus, Defendant's request for costs is **DENIED** without prejudice to file a separate motion for sanctions.

## CONCLUSION

For the reasons herein, Defendant's motion to dismiss is **GRANTED**. Plaintiff's complaint is dismissed without prejudice to file an amended complaint to assert a proper basis for subject matter jurisdiction (if any) and clarify the causes of action/claims asserted within thirty (30) days of the date of this Opinion and Order. Defendant's request for costs is **DENIED** without prejudice to file a separate motion for sanctions against Plaintiff within thirty (30) days of Plaintiff's deadline to file an amended complaint.

The parties are also hereby **ORDERED** to file a joint status report within fourteen (14) days of the date of this Opinion and Order.

**SO ORDERED.**

**Dated: March 17, 2021**
        **New York, New York**

_____
        **ANDREW L. CARTER, JR.**
        **United States District Judge**