UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  3/29/2022

FRACHT FWO INC.,

                        **Plaintiff,**

-against-

TPR HOLDINGS LLC,

                        **Defendant.**

20-cv-2706 (ALC)

<u>OPINION AND ORDER</u>

**ANDREW L. CARTER, JR., United States District Judge:**

      Plaintiff Fracht Fwo Inc. brought this action against Defendant TPR Holdings LLC pursuant to the Interstate Commerce Act ("ICA"), 49 U.S.C. § 10101 et seq.  On March 17, 2021, the Court dismissed of Plaintiff's complaint for lack of subject-matter jurisdiction, Defendant now moves for imposition of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

      "The standard for triggering the award of fees under Rule 11 is objective unreasonableness and is not based on the subjective beliefs of the person making the statement." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012) (citation and alterations omitted).  Where the request for sanctions is based on the frivolity of legal arguments, "Rule 11 mandates sanctions where it is clear that: (1) a reasonable inquiry into the basis for a pleading has not been made; (2) under existing precedents there is no chance of success; and (3) no reasonable argument has been advanced to extend, modify or reverse the law as it stands." *Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 390 (2d Cir. 1989).  "Even if the district court concludes that the assertion of a given claim violates Rule 11, however, the decision whether or not to impose sanctions is a matter for the court's discretion." *Perez v. Posse Comitatus*, 373 F.3d 321, 326 (2d Cir. 2004).

Plaintiff's ICA claims lacked any basis in law.  In its opposition to Defendant's Motion to Dismiss, Plaintiff cited seemingly random provisions of the ICA asserting that these provisions granted federal question jurisdiction but cited no existing precedent to support its claims.  Tellingly, in response to the current motion, Plaintiff again cites no precedent demonstrating that its claim of subject matter jurisdiction was rooted in existing law.  Plaintiff asserts—but provides no support—that this action implicates yet unsettled case law.  Contrary to Plaintiff's assertions, the breach of contract claim here is straightforward.  Any complexity or confusion is likely a result of Plaintiff's attempt to shoehorn this case into the purview of the ICA for purposes of federal jurisdiction.  Furthermore, Plaintiff's counsel states that the scaled back operations of the state courts coupled with the nearing of the statute of limitations were the motivating reasons behind initiating this action.

The record here makes clear that this action was filed in federal court in attempt to toll the impending expiration of the statute of limitations.  Plaintiff's counsel appears to have neglected to do the minimum inquiry required before bringing this suit.  The Court acknowledges the degree of uncertainty regarding COVID-19 and the closure of the state courts.  Understandably, the unprecedented nature of the pandemic left both Plaintiff and Plaintiff's counsel unsure of their legal path.  Yet, Plaintiff continued to prosecute this case long after the state courts reopened and with full knowledge that there was no basis for federal jurisdiction.

For the foregoing reasons, Defendant's motion for sanctions pursuant to Rule 11 is **GRANTED** against plaintiffs and their counsel to the extent that defendant seeks costs and reasonable attorneys' fees incurred in its defense of this action.  Defendant is directed to submit

proof of its costs and attorneys' fees no later than April 15, 2021.  The Clerk of the Court is respectfully directed to terminate ECF No. 28.

**SO ORDERED.**

Dated:   March 29, 2022
         New York, New York

_____
**ANDREW L. CARTER, JR.
United States District Judge**